ANSTEAD, Judge,
concurring specially:
I agree with the result reached by the majority and would like to point out some additional reasons for doing so. In the original proceedings for dissolution of marriage the husband repeatedly and consistently took the position that he was the 50 percent owner of a certain note and mortgage owned jointly with his mother. His wife’s name was on the note and mortgage also and she claimed a one-half interest in his 50 percent. In the final judgment of dissolution the husband was awarded the wife’s interest as a special equity. This court reversed that award and directed that the wife was entitled to one-half of the husband’s interest. Then, for the very first time, the husband claimed that he only owned 40 percent of the note and mortgage. This turnabout was done in the face of previous contrary assertions by the husband contained in affidavits, depositions, and trial testimony.
In a hearing conducted on this issue after the appeal, the husband conceded that although his interest in the note and mortgage was previously treated as 40 percent for tax purposes, he at all times received 50 percent of the payments on the note and mortgage dating back to the execution of the note and mortgage in 1970. And he did not directly dispute testimony that his mother had made a gift to him of the additional 10 percent difference. In addition, the mother’s will was introduced into evidence which showed she believed the husband’s interest to be 50 percent; and the attorney who prepared the will and the note and mortgage testified that the mother intended that the husband have 50 percent. Because of this state of the record, I believe the husband should now be estopped from claiming a lesser interest in the note and mortgage than he claimed before the dissolution.